## Case No. 9,827.

### MORRIS v. BARRETT et al.

[1 Fish. Pat. Cas. 461; 1 Bond, 254.] [2]

Circuit Court, S. D. Ohio. March, 1859.

PATENTS—CLAIM AND SPECIFICATIONS—TWO IMPROVEMENTS IN ONE PATENT—EVIDENCE—EXPERT—PRODUCTION OF MACHINE.

1. In the construction of a patent, the patentee is not to be confined to the summing-up or "claim," but the specification, the whole specification, and the drawings may be referred to, to ascertain the extent of the claim of the invention, or the proper meaning of expressions used in the "claim."

2. It is competent for the patentee to embrace two improvements on the same machine in the same patent, and if the defendant has used both or either of the improvements, there is infringement.

3. M. claimed "the clamps, 6 6, to prevent end-expansion, and the levers, 7 7, working on fixed fulcrums," to prevent the wood from twisting. Held, that this was not a claim for the combination of clamps and levers, but for two distinct improvements in the art of bending wood.

4. A kind of evidence which is entitled to the highest credibility, is the machines themselves, as shown by the models, which, like figures, can not lie.

[Cited in Seymour v. Osborne, Case No. 12,688.]

5. The law permits the opinion of men, called experts, to be given in evidence, to determine questions of mechanical difference; and when such men are qualified, and free from bias, their testimony is entitled to great respect.

6. If the same result is produced by the defendant as by the patentee, but by means substantially different, there is no infringement, for a patent is not granted for a mere result; but otherwise, if the defendant produces the result by contrivances substantially the same in principle.

[See Crompton v. Belknap Mills, Case No. 3,406.]

This was an action on the case [by John C. Morris against Silas M. Barrett and Jabez M. Waters] tried before LEAVITT, District Judge, and a jury, to recover damages for the alleged infringement of letters patent for an "improvement in wood-bending machines," granted to plaintiff March 11, 1856. The machine consisted of a stationary form, around which timber was bent, by means of two levers, turning upon fixed fulcrums, and applied near the end of the timber. The timber to be bent was laid upon a metallic strap, having clamps or abutments attached to each end, which embraced the ends of the wood, and prevented any stretching of the fibers during the act of bending. These clamps were made to slide upon the levers as the wood was brought around the form. The claims of the patent were as follows: "I claim the clamps, 6 6, to prevent end-expansion, and the levers, 7 7, working on fixed fulcrums, when in operation, all substantially as, and for the purposes, set forth in the foregoing specifications." The defendants substituted radial arms with rollers to press upon the back of the wood, and used clamps which permitted a partial relaxation or stretching of the fibers, at the commencement of the bending operation.

G. M. Lee and S. S. Fisher, for plaintiff.

Bates & Scarborough and W. B. Caldwell, for defendants.

LEAVITT, District Judge (charging jury). The plaintiff's patent is for an improvement in wood-bending machines, minutely described in the patent and specifications. In the conclusion or summing-up, he says: "I claim the clamps, 6 6, to prevent end-expansion, and the levers, 7 7, working on fixed fulcrums, when in operation, all substantially as, and for the purposes, set forth in the foregoing specifications." The practical purpose to be accomplished by these improvements he claims to be: 1. The clamps to prevent end-expansions; and 2. The levers working upon fixed fulcrums to prevent the wood from twisting. It was claimed in argument by defendants' counsel, that the plaintiff was confined, in construing his claim, to the summing-up; but the doctrine is well settled

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Samuel S. Fisher, Esq.; reprinted in 1 Bond, 254; and here republished by permission.]

that the patent, the specifications, the whole specifications and the drawings, may be referred to in ascertaining the extent of the patentee's claim; and while it is true that we are to look at the summing-up to discover what parts of the machine he claims to have invented, still, if any thing is needed to enable us to determine the proper meaning of expressions used in the "claim," we must refer to the previous portion of the specifications for such explanations as may be necessary to understand the office and purpose of that which is claimed as new.

The plaintiff's claim is not for a combination but for two distinct improvements in the art of bending wood. It is, no doubt, competent for a patentee to embrace two improvements on the same machine in the same patent; and if, in the present case, the defendants have used both or either of the improvements of the plaintiff, they have infringed his patent.

On the subject of the identity of the two machines, it may be remarked, that we are not concluded by their mere form or appearance. The question is, are they the same in substance? Is the machine used by the defendants a mechanical equivalent for that patented by the plaintiff? In applying these principles to the facts of this case, the jury will remember that there is a kind of evidence which is entitled to the highest credibility, and that is the machines themselves, as shown by the models, and which, like figures, can not lie. In addition, as many persons would be unable, from a want of previous knowledge or experience, to determine these questions of mechanical difference, the law permits the opinions of men called experts, to be given in evidence; and, when such men are qualified and free from bias, their testimony is entitled to great respect. The following is a brief summary of the testimony of this class of witnesses in the present case:

Three experts were examined on behalf of each party. Those for the plaintiff testified in the order named: John Byrne says that he has been for several years engaged in the business of wood-bending. He describes the machines, and gives it as his opinion that they are substantially the same in principle. Finley Latta has been for twenty years a machinist. He thinks the fulcrums and cramps are substantially the same in both; and that the joint in defendant's lever is a mechanical equivalent for the sliding of plaintiff's clamp. Gardner Lathrop has devoted much-attention to practical and theoretical machines. He thinks the machines are the same in principle; that the clamps are the same in both, and that the jointed lever is an equivalent for the sliding clamp.

On behalf of the defendants, the following experts testified: Orville Mathers says that the two structures are different in principle; that the defendants' have no fixed fulcrum, and that they do not prevent the expansion of the wood. The plaintiff insists that the statements of this witness should be received with caution, because of his interest in the subject-matter, as he is the inventor or constructor of the machine used by defendants. W. S. Rosecrans gives it as his opinion that the two machines are not the same in principle. He points out their difference of operation, and mentions the peculiarity of the defendants' machine, that it would bend non-elastic substances. He has had much experience as a teacher of mechanics, and testified with great intelligence. George H. Knight is a patent agent, and is acquainted with mechanics. He says, upon an examination of the plaintiff's specifications, that the machines are not the same in principle; that the most palpable difference between them is the entiré absence of fixed fulcrums in the defendants' machine. He thinks the action of the clamps is substantially the same in both—that both are intended to prevent end-expansion.

This is the substance of the testimony of the experts on both sides. The jury will give to it such weight in their judgment as it is entitled to, and if, from the evidence, they believe that the same result as that claimed by the plaintiff is produced by the defendants, by contrivances substantially different, then there is no infringement, for a patent is not granted for a mere result; but if they find that the defendants produce this result by contrivances substantially the same in principle as those used by the patentee, they will find a verdict for the plaintiff. The object of the action is not so much to obtain damages as to sustain the patent. There is nothing in the case to call for exemplary damages, but if the jury find the plaintiff entitled to a verdict, it would be competent for them to give him an amount that would compensate him for the actual damage sustained by reason of the infringement.

The jury found a verdict for the plaintiff, with $125 damages.

[For another case involving this patent, see Morris v. Royer, Case No. 9,835.]